(Supreme Court, Appellate Division, Second Department.   May 17, 1912.)

MASTER AND SERVANT (§ 88*)—INJURY TO SERVANT—NEGLIGENCE—"CONNECTED
WITH OR EMPLOYED ON."

Where an employé in railroad shops on going from his work passed
along a track 150 feet from a crossing used by employés for many years
with the consent of the company, and then attempted to go around a train
on the track, and fell and was killed by the train, he was not "connected
with or employed on" the railroad within Railroad Law (Consol. Laws
1910, c. 49) § 83, prohibiting any person not connected with or employed on
a railroad from walking on tracks except at crossings, and the company
owed him only the duty to refrain from wantonly injuring him.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 144–
151; Dec. Dig. § 88.*

For other definitions, see Words and Phrases, vol. 3, pp. 2377–2380; vol.
8, pp. 7612, 7649.]

Appeal from Trial Term, Queens County.

Action by William McIntyre, administrator of Frank McIntyre, deceased, against the Long Island Railroad Company.   From a judgment of dismissal, plaintiff appeals.   Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

George F. Hickey, of New York City (M. P. O'Connor, of New York City, on the brief), for appellant.

William C. Beecher, of New York City, for respondent.

WOODWARD, J.   Plaintiff brings this action to recover damages for the death of his intestate, alleged to have been due to the negligence of the defendant.   The decedent was an employé of the defendant, engaged in the shops at Morris Park, Long Island.   The shops are along the tracks of the defendant at Morris Park, and there is a gateway from them leading to a planked crossing, which, in turn, leads to a platform on the opposite side of the tracks.   There is no highway at this point, but the evidence indicates that for years ·the employés had been in the habit of using this exit, with the consent of the defendant, so that there can be no doubt of the defendant's obligation to operate its trains with reference to this crossing, using reasonable care.   The difficulty with the plaintiff's case is that it appears by the uncontradicted evidence of his own witnesses that the accident did not occur at this crossing, but 150 feet away.

The evidence is that the defendant's freight train, consisting of 15 cars, had come in from the west, headed east, and at the time just prior to the accident was standing still, covering the plank crossing.   As the train came down the main track, it passed a switch, and, as it was intended to get in onto this switch, the conductor dropped off to throw the switch and then walked back into the yard, signaling the rear brakeman that the switch was open.   The rear end of the train was but a short distance from this switch, and about 150 feet from

the planked crossing, the train itself extending to the east and over the planking. McIntyre, plaintiff's intestate, came through the gate and ran along by the side of the defendant's train to the rear of the same, stopped a moment, and then stepped upon the track about six or seven feet from the rear, and started to cross over. Some one shouted to him from the track beyond, and he turned, evidently intending to retrace his steps, when he tripped and fell. The rear brakeman in the meantime, having received the conductor's signal that the switch was open, conveyed the signal by his lantern to the forward brakeman, and the latter signaled the engineer, who started the train, and it was moving slowly toward the switch when the plaintiff's intestate started to run back and fell. The evidence is undisputed that the rear brakeman, before signaling the engineer, announced to some of the men at the rear of the train that it was about to start, and that two of the men responded, "All right, Bill, let her go," and that he then gave the signal to the engineer. There is no evidence that the train started suddenly, or that it was running fast, or that there was anything done or neglected to be done which was required by reasonable care. Indeed, it is doubtful if there was any possible duty on the part of the rear brakeman, under the circumstances, to give any warning. Certainly he was not bound to anticipate that any one would be in the rear of this train, which had just come to a halt for the purpose of going in onto a siding, at a point where there was no crossing, and, having given warning to those in sight, it was not necessary for him to go to the rear of the car to look for persons. He says he did not see McIntyre, and he is not disputed in this, and at the point where this accident occurred it is difficult to understand how the defendant could have owed any other duty than to refrain from wantonly injuring plaintiff's intestate. There is not a particle of evidence that the defendant had any reason to expect the intestate to be at that point. No invitation expressed or implied can be gathered from the evidence, taken as it was finally presented, for any one to be at a point 150 feet from the planked crossing, excepting those engaged in the operation of the train. The intestate was employed in the shop, and was merely going from his work. Instead of going across in the place provided for him, he chose to follow along the tracks 150 feet and to attempt to go around this train. Section 83 of the Railroad Law provides that:

"No person other than those connected with or employed upon the railroad shall walk upon or along its track or tracks, except where the same shall be laid across or along streets or highways, in which case he shall not walk upon the track unless necessary to cross the same."

And it can hardly be said that this laborer was either "connected with or employed upon the railroad." He was employed in the shops operated by the railroad, just as he might have been employed in a factory operated by a distinct corporation, but he had no right to be upon or along the tracks at this particular point, certainly not in such a sense as to call upon the defendant to exercise extraordinary care to protect him.

· Without holding that he was guilty of contributory negligence, it is enough that there is no evidence of any lack of reasonable care in the operation of the defendant's train under the circumstances here disclosed, and the judgment should not be disturbed.

The judgment appealed from should be affirmed, with costs. All concur.