FEECK v. DELAWARE & HUDSON CO. et al.

(Supreme Court, Appellate Division, Third Department. May 3, 1916.)

1. RAILROADS ⬯355(5)—PERSONS ON TRACK—RIGHT TO USE TRACK.

Where plaintiff's intestate was employed by a railroad in its yard, the mere fact that the employer and defendant railroad exchanged freight cars over tracks of the defendant, and that any particular passenger train might have been started from one of defendant's tracks to pass over the tracks of intestate's employer, did not give the employé a lawful right to make use of defendant's right of way and tracks.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1225, 1226; Dec. Dig. ⬯355(5).]

2. RAILROADS ⬯357—INJURY TO PERSON ON TRACK—CARE REQUIRED.

In such case, where intestate was traveling from one part of his employer's yard to another, making use of the defendant's tracks, the defendant owed him no other duty than that owed to any other trespasser or licensee, that of refraining from doing him wanton injury, and was not bound to exercise active diligence to protect him, merely because his employer had tracks paralleling its own and ultimately crossing them, unless the properties of the two roads were so related that employés might be said to be engaged in a common occupation; but even such care was not required as to employés of the other merely assuming to use the right of way.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1235; Dec. Dig. ⬯357.]

3. RAILROADS ⬯355(5)—INJURY TO PERSON ON TRACK—STATUTE—"CONNECTED WITH OR EMPLOYED UPON THE RAILROAD."

Under Railroad Law (Consol. Laws, c. 49) § 83, providing that no person other than those connected with or employed upon a railroad shall walk upon or along its tracks, except where crossing streets or highways, in which case he shall not walk upon the track, unless necessary to cross it, plaintiff's intestate, employed in the yard of another railroad, was not "connected with or employed upon the railroad" of the defendant.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1225, 1226; Dec. Dig. ⬯355(5).]

4. RAILROADS ⬯369(3)—INJURY ON TRACK—NEGLIGENCE—RINGING BELL.

Where intestate, an employé in the yard of another railroad, went upon defendant's parallel track without lawful right, the fact that defendant did not ring a bell and sound a whistle could not charge it with negligence, especially where an ordinance of the city forbade the use of whistles or gongs except for emergencies.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1261; Dec. Dig. ⬯369(3).]

5. RAILROADS ⬯381(3)—INJURY ON TRACK—ASSUMPTION OF RISK.

Intestate, who had been in the employ of another road, and was familiar with the situation, and knew that the first six tracks in the yard belonged to defendant road, and that the last two were those of his employer, when he left his employer's right of way and went upon the tracks of the defendant in disregard of the statute, must be presumed to have accepted the risk incident to such trespassing.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1287; Dec. Dig. ⬯381(3).]

Howard, J., dissenting.

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Trial Term, Schenectady County.

Action by William F. Feeck, as administrator, etc., of William B. Bartholemew, deceased, against the Delaware & Hudson Company and the New York Central Railroad Company, as successor, etc., of the New York Central & Hudson River Railroad Company. Dismissed as to the Delaware & Hudson Company, and from a judgment for plaintiff, and from an order denying its motion for a new trial, made upon the minutes, defendant New York Central Railroad Company appeals. Judgment and order reversed on law and facts, and new trial granted.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Visscher, Whalen & Austin, of Albany (William L. Visscher, of Albany, of counsel), for appellant.

John R. Parker, of Schenectady (Walter A. Fullerton, of Saratoga Springs, of counsel), for respondent.

WOODWARD, J. This action was brought originally against the Delaware & Hudson Company and the New York Central & Hudson River Railroad Company, alleging negligence on the part of the defendants, resulting in the death of the plaintiff's intestate on the 28th day of November, 1913. Upon the trial of the action the complaint was dismissed as to the Delaware & Hudson Company, and the case comes here on an appeal by the New York Central & Hudson River Railroad Company, now known as the New York Central Railroad Company, from the judgment in favor of the plaintiff, entered upon the verdict of the jury.

It is important in the determination of this appeal to discover just what neglect is charged as against the appellant. The complaint, after alleging the incorporation of both of the defendants under the laws of the state of New York, alleges that at the time of the injuries herein complained of plaintiff's intestate, William B. Bartholemew, was employed by the defendant Delaware & Hudson Company, at its yards in the city of Schenectady, N. Y., and was then and there engaged in interstate commerce between the states of New York, Pennsylvania, Massachusetts, and other states; that on or about November 28, 1913, at about 9 o'clock a. m., while plaintiff's intestate was employed by the defendant Delaware & Hudson Company, at its yards north of the Union Station in the city of Schenectady, N. Y., and was engaged in the performance of his duties taking the numbers of cars on the joint tracks of defendants at said place, and was lawfully on defendants' track No. 6, without fault or negligence on his part, but solely by reason of defendants' negligence, hereinafter specified, plaintiff's intestate was struck by a locomotive of the defendant New York Central, which was running backwards in a northerly direction, and received injuries which resulted in almost instant death. In giving the details of the alleged negligence on the part of the Delaware & Hudson Company, the plaintiff recognizes the fact that track No. 6, involved in this action, was the property of the New York Central

Railroad Company, and, in specifying the alleged negligence of the appellant, it is alleged that:

"The death of William B. Bartholemew was due to the negligence of the defendant New York Central, which consisted, among other things, in that said tracks 5 and 6 of defendant New York Central and all tracks used in common by defendants were so constructed and placed by reason of their close proximity to defendant Delaware & Hudson's tracks and the sharp curve to the east and various other obstructions and other of defendant New York Central's tracks parallel thereto that it was impossible for one working in the yards of defendant Delaware & Hudson at said place to see or hear an approaching train in time to avoid the same; that said engine of defendant New York Central that struck said William B. Bartholemew was backing in a northerly direction on track 6 of defendant New York Central's tracks between a string of cars standing on defendant New York Central's track 5 and a southbound freight train of defendant Delaware & Hudson on the track adjoining defendant New York Central's track 6 on the east, at a high, excessive, unlawful, and improper rate of speed, and was not under the control of the engineer thereof; that no bell was rung or whistle blown on said engine, nor was any warning whatever given to said William B. Bartholemew of the approach of said engine; that said tracks 5 and 6 of defendant New York Central and all tracks used in common by defendants at said place were so situated in view of said curve and their proximity to defendant Delaware & Hudson's tracks to the east that a watchman should have been kept there to warn persons lawfully in said yards of the defendant Delaware & Hudson, and lawfully upon said tracks 5 and 6 and all tracks used in common by defendants, or a gong erected and maintained for such purpose, none of which things was done, and as to each and all of which several things defendant New York Central was guilty of negligence."

It will be observed that the appellant had no notice from the pleadings that it was claimed that the New York Central tracks 5 and 6 were jointly used by the defendants. These tracks are referred to as "said tracks 5 and 6 of defendant New York Central and all tracks used in common by defendants were so constructed," etc., and this expression is twice repeated in effect, but nowhere is it asserted that tracks 5 and 6 were used in common by both defendants, and the record shows that these tracks 5 and 6 were a part of the appellant's freight yards, and that it was the custom to move freight cars over these tracks in both directions. It is important to keep these facts in mind, because the judgment now before this court on appeal is attempted to be supported upon the theory that the plaintiff's intestate was, in fact, between track 6 of the New York Central Railroad Company and track 7 of the Delaware & Hudson Company, these tracks running parallel and in close proximity at and near the Union Station in the city of Schenectady, and the accident occurred at a point about 60 feet north of the northerly end of an open platform constructed in connection with the Union Station.

[1] If the rule is observed that the judgment should be secundum allegata et probata, or that the judgment should be rendered in conformity with the allegations and proofs of the parties (Wright v. Delafield, 25 N. Y. 266, 268), then this judgment cannot be sustained, for the proofs not only fail to establish any one of the specified delinquencies, but they fail to establish the facts as set forth in the pleadings, though the inference that the plaintiff's intestate was upon the appellant's track No. 6, as alleged in the complaint, is very much bet-

ter supported by the evidence than the suggestion now made that the decedent must have been between the tracks of the two defendants. The body was cut into two parts, and the head was found between the tracks 5 and 6, while the remainder of the body was between the rails of track No. 6; and as there is no evidence whatever that he was at any other point at the time of the accident, the inference fairly to be derived from the evidence is that the intestate was either upon track 6, as alleged in the complaint, or that he was between tracks 5 and 6, at the time of the accident, and no reason is suggested in the complaint why the plaintiff's intestate, employed in the yards of the Delaware & Hudson Company in taking the numbers of cars stationed upon the various sidings, should be found either upon the appellant's track No. 6, nor between tracks 6 and 5, for these tracks concededly belonged to the appellant, and were not alleged in the complaint to have been used in common by the defendants, nor is there any competent evidence in the record to show that the Delaware & Hudson Company had any right whatever upon track No. 6 belonging to the appellant. Certainly there is no evidence that this employé of the Delaware & Hudson Company, engaged in taking car numbers in the yards of the latter company, had any lawful right to be upon the right of way and between the tracks of the appellant. He was performing no service for the New York Central, and the mere fact that the two railroads exchanged freight cars over these tracks during the day, or that a particular passenger train might have been started from one of the New York Central tracks to pass over the Delaware & Hudson Company's lines, did not operate to give the employés of the latter a lawful right to make use of the New York Central's right of way and tracks.

[2] No reason is suggested why the plaintiff's intestate could not have discharged his duties upon the property of his employer. The evidence seems to indicate that at the time of the accident he was traveling from one part of the Delaware & Hudson Company's yard to another, making use of the New York Central's tracks for this purpose, and it is difficult to understand how the appellant owed him any other duty than that of refraining from doing him a wanton injury. Whatever its duties may have been as to its own employés, is was not bound to exercise active diligence to protect the employés of another railroad corporation merely because that other corporation had tracks paralleling its own and ultimately crossing the same, when such employés might happen to come upon its right of way to serve their own or their master's purposes, unless the properties of the two corporations were so intimately related that the employés might be said to be mutually engaged in a common occupation. For instance, in the matter of exchanging cars, the employés of both roads would be entitled to the exercise of reasonable care on the part of the masters while this exchange was going on, and while the respective parties were returning to their own yards; but this obligation would not rest upon either party as to the employés of the other, where such employés merely assumed to make use of the right of way in connection with the discharge of duties which properly belonged to the

master's own yard, and that was exactly the situation here. So far as the record shows, no interest of the New York Central Company was being served by plaintiff's intestate. He was doing the work of the Delaware & Hudson Company, and this was work which could have been performed upon the latter's own premises. If he saw fit to pass from the premises of the Delaware & Hudson Company to those of the appellant, he could not impose upon that corporation any higher duties than it would owe to any other trespasser or mere licensee. So far as the plaintiff's intestate was concerned, he bore no other or different relation to the New York Central Railroad Company, in the discharge of his duties as number collector for the Delaware & Hudson Company, than he would if he had been an employé of a car shop, as in the case of McIntyre v. Long Island Railroad Company, 150 App. Div. 783, 785, 135 N. Y. Supp. 309, and under the pleadings and the proof the plaintiff has no ground for recovery in this case.

[3] Section 83 of the Railroad Law (Cons. Laws, c. 49; Laws 1910, c. 481) provides that:

"No person other than those connected with or employed upon the railroad shall walk upon or along its track or tracks, except where the same shall be laid across or along streets or highways, in which case he shall not walk upon the track unless necessary to cross the same."

And it cannot be said that plaintiff's intestate was "connected with or employed upon the railroad" of the New York Central Company. The complaint makes no such allegation and the proof does not establish such a fact. The allegation of the complaint is that at the time of the accident the plaintiff's intestate "was employed by the defendant Delaware & Hudson, at its yards in the city of Schenectady," and this brought him within the exception in the statute in so far as the tracks of the Delaware & Hudson Company were concerned, but it did not operate to give him a right to go over upon the tracks of the New York Central Railroad. He had no right to be upon or along the tracks of the New York Central Company at the particular point of the accident, so far as appears from anything in the complaint or the evidence in the case, and certainly not in such a sense as to call upon the appellant to exercise any other care than not to wantonly injure him. McIntyre v. Long Island Railroad Co., supra.

[4] If we are right in this proposition, it follows that the mere fact that the appellant did not ring a bell or sound a whistle could not operate to charge the appellant with negligence, and it appears affirmatively that the ordinances of the city of Schenectady forbade the use of whistles and gongs except for emergencies, and we think the present case did not call for these warnings to one who was not properly upon the appellant's right of way.

The case of Fitzgerald v. Erie Railroad Company, 158 App. Div. 801, 144 N. Y. Supp. 237, is so entirely different from the case at bar that it can hardly afford an authority for the respondent, and that case having been retried, and judgment in favor of the plaintiff having been reversed as against the weight of evidence (167 App. Div. 958, 152 N. Y. Supp. 1111), it can have no controlling weight here, and we

are confident that no authority in point can be cited in support of the judgment.

[5] Plaintiff's intestate was a man of experience in his work, had been in the employ of the Delaware & Hudson Company for several years, and was familiar with the situation. He knew that the first six tracks belonged to the New York Central Company, and that the last two were the property of his employer, and when he left the right of way of the Delaware & Hudson Company, his employer, and intruded upon the tracks of the New York Central Company, he must be presumed to have accepted the risks incident to such a trespass in exactly the same manner as though he had been employed as a carpenter by some other third person, and had made use of the railroad of the appellant in disregard of the statutes of the state.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except HOWARD, J., who dissents.

The court disapproves of the findings of fact that the defendant was guilty of negligence and the intestate free from contributory negligence.