WILLIAM F. FEECK, as Administrator, etc., of WILLIAM B. BARTHOLOMEW, Deceased, Appellant, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Third Department, November 28, 1917.

Railroad — negligence — death of railroad employee found upon tracks of another railroad — evidence not justifying recovery — duty of railroad to employees of another company.

In an action for the death of an employee of the Delaware and Hudson Company it appeared that the decedent was found dead upon the tracks of the defendant, the New York Central Railroad Company; that no one saw him come to the place of the accident, and no one saw the accident happen; that the deceased while engaged in taking the numbers of cars of his company was killed by a locomotive of the defendant, which was running backward on tracks owned by it, which ran parallel to the tracks owned by the defendant's employer.

Evidence examined, and *held*, insufficient to establish any joint operation of the railroads or any justification for the presence of the decedent upon the right of way of the defendant, and that, therefore, the complaint was properly dismissed.

Although good practice required the defendant to have a man stationed upon the forward end of the tender of a locomotive as it was running to warn persons, it owed no such duty to one whom it had no reason to anticipate would be upon the right of way, and the failure to have such a man in the position suggested is immaterial until it is established that such failure was the proximate cause of the accident.

APPEAL by the plaintiff, William F. Feeck, as administrator, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Schenectady on the 20th day of March, 1917, upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*John R. Parker* [*James A. Leary* of counsel], for the appellant.

*Visscher, Whalen & Austin* [*William L. Visscher* of counsel], for the respondent.

WOODWARD, J.:

The plaintiff's complaint was dismissed at the trial on the authority of *Feeck* v. *Delaware & Hudson Co.* (174 App. Div. 71), the evidence being substantially the same as upon the previous trial. Of course, upon a nonsuit the question involved does not concern the weight of evidence; we are to determine merely whether there was evidence which in any reasonable view should have been submitted to the jury. We are of the opinion that the learned trial justice, notwithstanding an apparent reluctance, correctly disposed of this case.

The effort of the plaintiff, by amendment of the pleadings, to obviate the criticisms of this court upon the previous appeal does not reach to the merits. The allegation that the tracks of the New York Central and the Delaware and Hudson Company were used in common at the point of this accident, while apparently complying with one point made by this court, is not supported by the evidence upon this trial. There is some evidence, of course, that the depot at Schenectady is used jointly by these railroad corporations, and that one of the Delaware and Hudson passenger trains leaves from track No. 6 of the New York Central railroad. There is likewise evidence that there is a daily interchange of cars

for the purpose of placing upon sidings and in making up outgoing freights, but none of these go to the question of the joint operation in the sense of such a merger of operations as to require the presence of the plaintiff's intestate upon the tracks of the New York Central railroad at the point of this accident. There are two separate and distinct railroad corporations, operating railroads serving different localities in the main, and their lines converge in the city of Schenectady, where they make use of a common passenger depot, but their freight depots are at a distance of nearly a mile apart. At the passenger station there is a wide platform between the tracks of the two companies, and the platform from which the Delaware and Hudson Company passengers are received and discharged is reached by means of a subway passing under the tracks of the New York Central, so that there is no occasion for any one crossing the tracks upon the surface, except the employees of the two companies, and at the time this accident happened, at nine o'clock in the morning, there is no evidence whatever that there was any joint operation of the railroads going on, or that there was at any time any occasion for the plaintiff's intestate, in the taking of car numbers for the Delaware and Hudson Company, to be upon the right of way of the New York Central railroad. The body of the decedent was found partly between the rails of track No. 6, and partly between tracks Nos. 5 and 6, both of which are owned and controlled by the New York Central railroad. How this body reached this point is not disclosed by the evidence. There is some evidence which would seem to indicate that the decedent may have been struck by a passing freight train upon the Delaware and Hudson railroad and thrown under the wheels of the locomotive of the New York Central switch engine. The engine was backing at the time it ran over the decedent, and no blood was found upon the tender of the engine which preceded it, and the only blood was found at or near the connection between the engine and tender. Three men, the engineer, fireman and a brakeman, were upon the New York Central engine, looking in the direction the engine was proceeding, and none of these saw the decedent upon the track, and it is not shown that there was any outcry or any noise

whatever, as might have been expected if the decedent had been run down and dragged under the tender.

It is the theory of the plaintiff that there was negligence on the part of the New York Central in not having a man stationed upon the forward end of the tender as it was running to warn persons, and it may be assumed, for the purposes of this case, that good practice required this in respect to the New York Central's own employees engaged in the work of operating the railroad, but we are of the opinion that it owed no such duty to one whom it had no reason to anticipate would be upon the right of way, and that, in any event, the failure to have such a man in the position suggested is not material until it is established that such failure was the proximate cause of the accident. Of course, if the decedent was hit by the Delaware and Hudson train and thrown under the New York Central engine, the presence or absence of a man on the front of the tender would be of no consequence whatever, and there is no presumption that the decedent was upon the tracks of the New York Central, where he had no occasion to be in the discharge of his duties to the Delaware and Hudson Company, or that he was upon that right of way. In other words, the evidence fails to show how the accident occurred, except as a pure matter of speculation. It fails to show any justification for the presence of the decedent upon the right of way of the New York Central Railroad Company, except possibly to meet his own convenience in passing from one point in the yard of his own employer to another, and we know of no rule of law which would charge the respondent with any affirmative duty toward the decedent under such circumstances. There was no evidence of any mutual employment, or any interchange of work, or of any relation between the decedent and the New York Central railroad. The whole case, shorn of its obscuring verbiage, resolves itself into this, that an employee of the Delaware and Hudson Company was found dead upon the tracks of the New York Central railroad. No one saw him come to the place of the accident; no one saw the accident happen. Theories have been suggested, but there is no evidence which establishes any liability on the part of the respondent here. It may be that the employees of the two

railroads have been in the habit of crossing the tracks of the two roads for their own purposes, or even for the convenience of their respective employers, but it is not shown that this fact was known to the New York Central Railroad Company, or to its engineers, and it is doubtful if such a known custom could be relied upon, under the circumstances of this case, to charge the respondent with any such duty as is attempted to be asserted here.

The judgment appealed from should be affirmed, with costs.

Judgment unanimously affirmed, with costs.