George W. Ryan, Respondent, v. The New York Central Railroad Company, Appellant.

Fourth Department, November 12, 1924.

Railroads — action to recover damages for injuries suffered when plaintiff's leg was cut off by car on defendant's railroad — plaintiff was employed as brakeman in yard of another railroad — tracks of two railroads adjoined — plaintiff stepped on tracks of defendant in night time to signal his head brakeman — evidence warranted finding that defendant did not give signal and that plaintiff was not guilty of contributory negligence — evidence did not establish that plaintiff was invitee under general custom known to both railroads — judgment for plaintiff reversed and new trial granted.

In an action to recover for injuries suffered by the plaintiff when his leg was cut off by a car on the defendant's railroad, in which it appeared that the plaintiff was working at the time of the accident as a brakeman for another railroad whose yard adjoined that of the defendant railroad, the jury were justified in finding that the defendant did not give any warning signal of the approach of its locomotive and cars and that plaintiff who had stepped on the defendant's track for the purpose of signaling his head brakemen was not guilty of contributory negligence.

However, the judgment cannot be sustained unless the plaintiff was an invitee of the defendant on its tracks at the time of the accident, and since there is no evidence of an express invitation to the plaintiff or other employees of the railroad, in whose employ he worked, to use the tracks of the defendant in the

performance of their duties, and since the evidence of an implied invitation based on an alleged custom of the trainmen of both railroads to go upon each other's tracks for signaling purposes, existing to the knowledge and with the consent of both railroads and to the mutual advantage of the defendant and of the plaintiff or his employer, is so meagre that the jury were not justified in finding a verdict in favor of the plaintiff, the judgment must be reversed and a new trial granted.

APPEAL by the defendant, The New York Central Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 7th day of March, 1924, upon the verdict of a jury for $8,500, and also from an order entered in said clerk's office on the 14th day of March, 1924, denying the defendant's motion for a new trial made upon the minutes.

*Rann, Vaughan, Brown & Sturtevant* [*Raymond C. Vaughan* of counsel], for the appellant.

*Hamilton Ward* [*Dana L. Spring* of counsel], for the respondent.

TAYLOR, J.:

The plaintiff, for some four years, had been an employee of the Pennsylvania Railroad Company. For about two years thereof immediately preceding his injury he had been a brakeman in the so-called Alabama street yards of said road and of this defendant, helping to " move around " trains; and he was familiar with the situation and conditions there. Seneca street and Hamburg street in the city of Buffalo crossed these yards above grade on viaducts, the former street running substantially east and west and the latter substantially north and south. At the place where plaintiff was injured, Hamburg street was westerly of Seneca street. The tracks of the Pennsylvania Railroad Company (some six in number) were immediately adjoining and westerly of the tracks of this defendant (some eight or ten in number); and beginning at a point between the two viaducts (looking westerly) the tracks of the two roads diverged, the two Pennsylvania " lead tracks " curving northwesterly from the New York Central tracks, and from a straight line, at a point between said viaducts. There were also various switch points and tracks in the combined yards. About four A. M. of October 18, 1922, a Pennsylvania locomotive, faced easterly, was backing a string of some nine cars westerly to " throw " a box car into No. 4 switch, the point whereof was just westerly of the Hamburg street viaduct. This was done. Then a forward or easterly movement of the rest of the cars was made, the plaintiff standing on the side of one of the east-moving cars. Plaintiff got off on the southeasterly side of the lead track to throw a switch. On account of

this curve in the Pennsylvania lead track, plaintiff stepped a few feet to the east of that track to signal for the stopping of his train before it backed into another track. In so doing he stepped over onto the middle of the track next to him, a track of this defendant, and walked easterly on that track some twenty-five to thirty feet, signaling all the time with his lighted lantern. He was looking for his head brakeman, glancing to his left and his right. Then he was run against and his leg cut off by a New York Central gondola car which was being pushed westerly ahead of two box cars by a New York Central engine faced westerly and with its headlight lighted, the head or westerly end of the gondola car being unloaded. The jury was warranted in finding that no signal was given by bell, whistle or otherwise of the approach of this New York Central locomotive and cars. Plaintiff recovered a verdict of $8,500, and from the judgment entered thereon and an order denying a motion for a new trial on the minutes of the court, defendant has appealed.

Whether or not plaintiff used all reasonable care himself was clearly a question of fact, and the jury's finding for plaintiff thereon should not be disturbed. The real controversy is as to whether or not plaintiff was shown to have been an invitee on defendant's premises at the time of his injury, and as such was injured through defendant's negligence.

The court charged the jury as to the duty of defendant toward trespassers, licensees and invitees. But under the charge and the testimony, and in view of the specific concession of respondent's counsel at the argument before us, no matter of trespasser or licensee is involved. There can be no recovery here, unless plaintiff was an invitee at the time of his injury. This makes it unnecessary to discuss the extent of care due to trespassers or licensees on the occasion in question or to discuss the testimony in that aspect. There is no serious contention that defendant was guilty of lack of care sufficient to make it liable to a trespasser or licensee.

Was the jury's finding that plaintiff was an invitee sufficiently supported by evidence? There was no express invitation. Was there an implied one? If there was, such invitation must necessarily have rested upon a custom or practice of the trainmen of both the Pennsylvania and the New York Central to go upon each other's tracks for signaling purposes, for a considerable period of time before this occasion, to the knowledge and with the consent of the appropriate representatives of both roads, and to the mutual advantage of the defendant and either this plaintiff or his employer. (*Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86.) (This being

40

the so-called " license through implied invitation " mentioned and defined in the last paragraph on page 91 of the opinion in the *Heskell* case.) The law on this subject was stated by the court to the jury, it being indicated in the charge that a conclusion that plaintiff was an invitee must rest upon a finding that the claimed mutually beneficial signaling custom was in existence to the knowledge and with the consent of the Pennsylvania Railroad Company and this defendant.

All the testimony tending to indicate any mutually beneficial use of the tracks of each of these companies by trainmen of the other, for signaling purposes, to such an extent as to make plaintiff an invitee, was given by witnesses sworn by the plaintiff. Several of them testified that the Pennsylvania employees occasionally stepped upon the New York Central tracks to signal, the general physical situation practically making that necessary at times. Plaintiff's witnesses Bogart, Prindle, Whalen and Friert stated that they had been running into, or working off and on in, these yards for many years; and no one of them says that he ever saw a New York Central employee upon the Pennsylvania tracks for signaling purposes. The witness Speich had worked six years, on and off, for the Pennsylvania railroad, part of the time in these yards; and he does testify that he had seen New York Central men on the Pennsylvania tracks doing their work.

Taking into consideration this general specific situation and the excellent opportunity these several witnesses, all produced by the plaintiff, had to know the facts, the jury's finding that the plaintiff was on this occasion an invitee, and as such was injured solely through the negligence of defendant, is not supported by the evidence. The testimony is too indefinite and indirect and unconvincing to warrant the finding. (*Vaughan* v. *Transit Development Co.*, 222 N. Y. 79; *Feeck* v. *Delaware & Hudson Co.*, 174 App. Div. 71; *Feeck* v. *New York Central R. R. Co.*, 180 id. 253; affd., 224 N. Y. 627.)

The judgment and order should be reversed upon the facts and a new trial granted, with costs to appellant to abide the event.

HUBBS, P. J., DAVIS, SEARS and CROUCH, JJ., concur.

Judgment and order reversed on the facts and new trial granted, with costs to appellant to abide event.