MICHAEL MATTERN, by ANN MATTERN MITCHELL, as Administratrix, etc., of MICHAEL MATTERN, Deceased, Plaintiff, v. LEHIGH VALLEY RAILROAD COMPANY, Defendant.— Plaintiff's exceptions overruled, motion for a new trial denied, with costs, and judgment directed for the defendant on the nonsuit, with costs. Memorandum: There was not a right of way by user over defendant's tracks and plaintiff's intestate did not have the right to walk upon the tracks. (*Gleason* v. *Central N. E. Railway Co.*, 261 N. Y. 333.) The plaintiff's intestate having

voluntarily gone upon the tracks of defendant's railway and having been injured while there, the plaintiff may recover damages for his death only upon the theory of the last clear chance. (*Storr* v. *N. Y. C. R. R. Co.*, 261 N. Y. 348.) The plaintiff did not prove that defendant's engineer actually knew that the decedent was on the track in time to stop the train before it struck him. The evidence was not sufficient to charge the defendant with liability under the doctrine of last clear chance. (*Panarese* v. *Union Railway Co.*, 261 N. Y. 233.) All concur. (The exceptions were taken to rulings on the trial resulting in a nonsuit at the close of plaintiff's case, in a negligence action.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.