Henry Lefler, Individually and as Guardian ad Litem of James Lefler, an Infant, Plaintiff, *v.* Pennsylvania Railroad, Inc., Defendant.

Supreme Court, Special Term, Monroe County, November 11, 1952.

*Adams, Smith, Brown & Starrett* for defendant.

*Charles M. Mondo* for plaintiff.

Van Voorhis, J. This action is brought in the interest of the infant plaintiff who, the complaint alleges, was injured August 19, 1952, while " playing in and about a coal gondola car owned and maintained and controlled by the defendant " in the vicinity of the underpass beneath Exchange Street near Doran Street, in the city of Rochester, New York. While playing in this car, the complaint states that the infant plaintiff " was caught and pinned to the floor of said coal gondola car by the end door and siding of said car ". The negligence charged is that defendant knew that children of tender years, including the infant plaintiff, were in the habit of playing in and about defendant's coal cars and tracks, but neglected to construct and maintain at said location fences or guards which would have prevented access by children to defendant's tracks and cars.

The ground of the motion to dismiss the complaint is that it appears upon its face that the infant plaintiff was a trespasser or bare licensee, and that defendant owed to him no duty except

to refrain from willful injury. The contention adduced to sustain the complaint is that defendant is chargeable with knowing the propensities of children to climb about and play, that children would get on the tracks and climb on the cars standing upon the tracks at this location, that the defendant knew that they had already done so on previous occasions, and that barriers or affirmative action of some kind was required of the railroad company to keep them away. Plaintiff concedes that the doctrine of attractive nuisance does not apply in New York State, but bases his position mainly on such cases as *Parnell* v. *Holland Furnace Co.* (234 App. Div. 567, affd. 260 N. Y. 604); *Bowers* v. *City Bank Farmers Trust Co.* (282 N. Y. 442), and *Boylhart* v. *DiMarco & Reimann, Inc.* (270 N. Y. 217). The facts in those cases differ from the present action, in that circumstances were held to have indicated that the defendants therein extended an implied invitation to the children who sustained accidents, or the accidents happened on a public street. The only railroad case which is cited for plaintiff is *Skzypek* v. *Long Is. R. R. Co.* (245 App. Div. 309, affd. 275 N. Y. 508) where it was held that a question of fact was presented in the case of a person crossing the tracks over a well-worn path. The theory of decision was that " From such open and notorious use it might be inferred by a jury that the defendant had acquiesced in and consented to the crossing by the public ". (P. 311.) *Lamphear* v. *New York Central & H. R. R. R. Co.* (194 N. Y. 172) was followed, which held a plaintiff to have been an invitee where, as the trial justice instructed the jury, it was " conceded that for a long series of years the public, with the acquiescence and with the permission and consent of the railroad company, had been accustomed to cross the railroad tracks at the point where this accident happened ". The effect was similar to that which would have obtained if it had been a formally established public or private crossing. While such a set of circumstances may be construed to extend an implied invitation to persons to cross a railroad track along a well-marked path, pedestrians are not thereby invited to walk along the tracks let alone to climb upon the cars for amusement. The case of *Keller* v. *Erie R. R. Co.* (183 N. Y. 67) held, as matter of law, that a presumptive right to cross the tracks of a railroad company at a point, not a highway or street crossing, cannot be acquired by the public, even by long user, where in order to reach the point it is necessary to walk along the tracks of an intersecting railroad. In *Zambardi* v. *South Brooklyn Ry. Co.*

(281 N. Y. 516, 521) the opinion states: " In spite of the divergent views expressed by the members of this court who sat in the *Keller* case, the rule of law stated in the prevailing opinion has been generally followed, at least where a person was injured while walking *along* a railroad track and not while merely walking *across* it. (*Jerzewski* v. *Erie R. R. Co.*, 215 App. Div. 748; affd., 242 N. Y. 592, and *Gleason* v. *Central N. E. Ry. Co.*, 261 N. Y. 333.)" (Italics from original.) In the *Gleason* case (261 N. Y. 333, per POUND, Ch. J.) the complaint was dismissed upon the law where the deceased was killed at night by a locomotive backing up without a light on the forward moving end. Plaintiff's intestate was held to have been a trespasser inasmuch as she was walking along the track in violation of section 83 of the Railroad Law and subdivision 4 of section 1990 of the Penal Law.

The leading case of *Walsh* v. *Fitchburg R. R. Co.* (145 N. Y. 301) involving a child injured while playing on a railroad turntable, is still law in this State, holding that the doctrine of attractive nuisance does not apply. As recently as *Carbone* v. *Mackchil Realty Corp.* (296 N. Y. 154, 156) the *Walsh* case was said never to have been questioned in the Court of Appeals. Some inroads have been made, to be sure, by the cases cited by plaintiff in the application to the facts of particular cases of the classification of infant plaintiffs as trespassers, but, unless the circumstances admit of characterizing them as invitees, the long-established rules limiting the duty owing to trespassers or bare licensees, and excluding the attractive nuisance doctrine, still hold. In view of section 83 of the Railroad Law and subdivision 4 of section 1990 of the Penal Law, and the decisions construing them, not to mention the cases based on the common law, the infant plaintiff cannot be held to be an invitee under the factual allegations of the complaint.

The New York law was considered by the Circuit Court of Appeals, Second Circuit, in *Rasmussen* v. *Palmer* (134 F. 2d 780, 782) where it was intimated that knowledge by a railroad company that children were playing in a railroad yard where they were liable to be electrocuted by a live wire, while standing on box cars, might constitute such a degree of recklessness as to entail liability. Without expressing any view concerning whether that would be a correct interpretation of the New York law, on the theory that it would be a concealed danger or trap, it is pertinent to quote a paragraph from the opinion which applies exactly to the case at bar: " Had there been no live

wire, in the yard this case would be clearly within the principle of *Walsh* v. *Fitchburg R. R. Co.,* (*supra*). Leaving a box car unguarded on a track in a freight yard would call for no greater precaution to be taken for the benefit of children who played in the yard than would maintaining a turntable there.''

Although perhaps not applicable to every situation, it may be noted that section 52 of the Railroad Law, pertaining to fences, requires railroad corporations to maintain them for protection to animals only but not human beings (*DiCaprio* v. *New York Central R. R. Co.,* 231 N. Y. 94). It was held that there is nothing in this statute indicating a legislative intent to safeguard any individual who might trespass on the right of way, and that hence a railroad corporation is not liable thereunder for the death of a child who wandered upon its railroad and was struck by a passing train.

The motion to dismiss the complaint as insufficient in law should be granted.