■ WILLIAM KLINE, an Infant, by His Guardian ad Litem, ANNA S. KLINE, et al., Appellants, v. LONG ISLAND RAILROAD COMPANY, Respondent.— In a negligence action to recover damages for personal injury, loss of service and medical expenses, as a result of the infant plaintiff being struck by defendant's train while he was on defendant's trestle, plaintiffs appeal from a judgment of the Supreme Court, Suffolk County, entered January 16, 1962, dismissing the complaint on the merits upon the opening statement of their counsel. The dismissal was on defendant's motion made during a jury trial. Judgment affirmed, without costs (*Gleason* v. *Central New England Ry. Co.*, 261 N. Y. 333; *Zambardi* v. *South Brooklyn Ry. Co.*, 281 N. Y. 516; 2 Restatement, Torts, § 336, pp. 914–915). Ughetta, Acting P. J., Kleinfeld, Christ and Brennan, JJ., concur; Hopkins, J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: In my opinion, dismissal of the complaint on the opening statement of counsel was premature. On a motion to dismiss the complaint upon plaintiff's opening, all the facts referred to in the opening should be considered, and given a liberal interpretation (*Clews* v. *Bank of N. Y. Nat. Banking Assn.*, 105 N. Y. 398, 404; *Katz* v. *City of New York*, 162 App. Div. 132, 133–134). "Unless it is obvious that under no circumstances and in no view of testimony that might be adduced can the plaintiff prevail, the practice of dismissing on the opening of counsel alone should not be encouraged" (*Malcolm* v. *Thomas*, 207 App. Div. 230, 231, affd. 238 N. Y. 577). In this State, it is not clear whether a plaintiff's recovery, which is based on proof of gross, wanton, or willful negligence, may be sustained despite the fact that plaintiff has pleaded nothing more than mere negligence. One case (*Palladino* v. *Onondaga County Sav. Bank*, 255 App. Div. 929) which touches the subject is ambiguous in its holding and is not dispositive of the question. In other States, conflicting views are maintained (173 A. L. R.

1231, 1232–1233). The more acceptable rule would appear to be that degrees of negligence are matters of proof, not of averment; and that general allegations of negligence will support a recovery either for ordinary or gross negligence (cf. *Castro* v. *Singh*, 131 Cal. App. 106). Indeed, the modern tendency is in the direction of erasing distinctions in the degrees of negligence (1 Warren, Negligence, § 4, par. 3, pp. 66–67). It has been said that "there is no difference between negligence and gross negligence, the latter being nothing more than the former, with a vituperative epithet" (*Filer* v. *New York Cent. R. R. Co.*, 49 N. Y. 47, 51). In any event, the present case need not be decided on this point. In the great majority of jurisdictions, the rule is that an occupier of land is required to conduct himself with ordinary care toward a trespasser once the latter's presence has become known to the occupier (2 Harper and James, Torts, § 27.6, p. 1464; 38 Am. Jur., Negligence, § 111; 65 C. J. S., Negligence, § 24). In this State, to some extent at least, that rule finds expression in the doctrine of the last clear chance, as applied to railroad-trespasser situations (cf. *Woloszynowski* v. *New York Cent. R. R. Co.*, 254 N. Y. 206; *Mattern* v. *Lehigh Val. R. R. Co.*, 257 App. Div. 916; see, also, *Feldman* v. *New York Cent. Hudson Riv. R. R. Co.*, 142 App. Div. 339, affd. 205 N. Y. 553, even though the words "willful and wanton negligence" were there used). As I view the record here presented, enough was revealed in the opening statement to show: (a) that the infant plaintiff, although a trespasser, was in a place of danger; (b) that he was discovered by the defendant's employee in such place of danger; and (c) that the infant was injured in such place by the defendant's train. Whether the defendant's employee could have avoided the injury; whether the infant was guilty of contributory negligence because he could have avoided the place of danger by stepping off the track instead of running; and whether the employee discovered the infant in time to stop the train — all these are questions of fact which should be resolved after a plenary trial upon the basis of all the proof to be adduced.