Stevens, J.
These are cross appeals from an order of the Appellate Division which affirmed a judgment in favor of plaintiffs (two Justices dissenting). Plaintiffs cross-appeal solely on the ground that the damages awarded are inadequate. Since the dissent in the Appellate Division was not on a question of law in favor of plaintiffs, the cross appeal does not lie as of right (CPLR 5601, subd. [a], par. [i]).
The infant plaintiff, Christine Carrico, aged 20 at the time, and one Thomas F. Hawley, were walking on the abandoned passenger platform of defendant Penn Central Transportation Company (Penn Central) at Auburn, New York, on March 10, 1971 at about 6:30 p.m. At that time, the infant’s foot slipped and she fell beneath the wheels of a passing train, losing both her legs below the knee.
The depot had not been used as a passenger station since 1959. The building was sold to the State of New York prior to the accident, although the platform remained in the possession of Penn Central as part of its right of way. The platform, approximately 20 feet wide and 200 feet long and partly covered by a canopy, was used by railroad personnel and was not open to the public. There was testimony at the trial, however, that members of the public used the platform. No railroad personnel testified as to knowledge of such use. There is no evidence of any structural defect in the platform.
On the evening of the accident the infant plaintiff and Hawley* were standing near the southern end of the platform as the train, moving slowly, approached and partly passed them. They *333 then walked toward the northern end of the platform, in the same direction as the train was proceeding. There was snow on the platform and the infant plaintiff testified that she felt ice under the snow even before reaching the point at which she testified she slipped and fell. There was some evidence that the infant fell under the wheels of the seventh car of the 11-car train. The infant plaintiff testified that at no time did she walk further than two feet from the edge of the platform although it was dark at the time.
Before Penn Central can be cast in liability it must appear that it breached a duty owed the infant, and that such breach proximately caused the accident.
Section 83 of the Railroad Law provides in pertinent part, “ No person other than those connected with or employed upon the railroad shall walk upon or along its track or tracks, except where the same shall be laid across or along streets or highways, in which case he shall not walk upon the track unless necessary to cross the same.”
Obviously, the platform was not laid across or along a street or highway, and its use was not necessary to afford plaintiff a crossing. The infant plaintiff was walking on the platform for her own convenience and using it as a shortcut to reach her home. It does not appear, nor is it urged, that there was not an otherwise safe way which plaintiff could have used.
Section 9-103 of the General Obligations Law, with stated exceptions for willful or malicious failure to guard or warn against a dangerous condition or use or where a consideration is involved, provides:
“1 * * * a. an owner * * * of premises, whether or not posted * * * owes no duty to keep the premises safe for entry or use by others for * * * hiking * * # bicycle riding * * * or to give warning of any hazardous condition * * * to persons entering for such purposes;
“ b. an owner * * * who gives permission to another to pursue any such activities upon such premises does not thereby (1) extend any assurance that the premises are safe for such purpose, or (2) constitute the person to whom permission is granted an invitee to whom a duty of care is owed, or (3) assume responsibility for or incur liability for any injury to person or *334 property caused by any act of persons to whom the permission is granted.”
Reading the statutory prohibition of section 83 of the Railroad Law in conjunction with section 9-103 of the General Obligations Law, would seem to bar recovery under the facts of this case. It does not appear that there was any obstacle to the infant’s walking further away from the edge of the platform than the two feet she chose with knowledge of the train’s passage. Nor is there any basis in the record for a conclusion that there was a footpath through the snow which plaintiff followed.
In Zambardi v. South Brooklyn Ry. Co. (281 N. Y. 516, 523) the court said, “ By reasonable implication the statute [Railroad Law, § 83] recognizes the right of a railway company, by invitation or long continued acquiescence, to creat a crossing over the railway tracks which the public may use as a public way even though technically not a street or highway. ” (Emphasis supplied.) Judgment for the seven-year-old infant plaintiff was affirmed because the court found the infant was crossing the track upon a way so created.
In Gleason v. Central New England Ry. Co. (261 N. Y. 333) where there was a private use by necessity in walking along the defendant’s tracks, the court, in reversing a judgment for plaintiff, reaffirmed the doctrine of Keller v. Erie R. R. Co. (183 N. Y. 67). “ ‘ "Whoever walks upon, or along, the tracks of a railroad, except when necessary to cross the same upon some street, highway, or public place, violates the law and is like a trespasser, and the company’s servants are under no other obligation than to refrain from willfully, or recklessly, injuring him.’ [Citation omitted.] ” (Gleason v. Central New England Ry. Co., supra, p. 336.)
. There is no proof in this case that the engineer or any of Penn Central’s employees acted in a wanton or reckless manner. The testimony shows the train was proceeding slowly with headlight on and bell ringing and the infant was aware of its passage. At least seven cars passed before plaintiff fell.
Plaintiff urges that she was a licensee and not a trespasser. Nevertheless, the duty owed a licensee is only the duty to exercise reasonable care. Structurally, the platform was in good condition and as a part of Penn Central’s, right of way should *335 be subject to the same prohibition which applies to the tracks. Walking along or upon such platform for one’s own convenience, if illegal, would not become legal by mere passage of time (see Zambardi v. South Brooklyn Ry. Co., 281 N. Y. 516, 522, supra).
With respect to snow, one of plaintiff’s witnesses testified, “ Directly in the area at the edge of the platform adjacent to the tracks the snow was probably more than two feet deep. As you move farther in the canopy, the snow had been lessened in depth.” The part adjacent to the building was more protected. Plaintiff voluntarily elected to walk near the edge where it was apparent the snow was deeper.
The platform was constructed for use as a part of and in connection with the station and not as a general public way independent of such use. It was not in a decayed or dangerous condition, or so maintained that it constituted a trap or a nuisance. The danger, if any, came from the snow on the platform, and not from any affirmative act of Penn Central. There is no testimony as to how long the condition existed. Nor does the record establish a duty upon defendant to light or clear the way or even to post the premises. An accident such as here occurred was not within the foreseeable anticipation of the defendant.
As previously noted, the duty owed a licensee is that of reasonable care only (see Waters v. Long Is. R. R. Co., 52 Misc 2d 515). There is no evidence that Penn Central failed in the performance of that obligation. The condition was open and evident and the infant plaintiff, who was familiar with the platform, chose the way and the location for her own convenience with knowledge of the darkness, the snow and the ice.
In light of the language of the statute the infant might properly be considered a trespasser to whom defendant owed only the obligation not to cause willful, wanton, or intentional harm (Croissant v. Long Is. R. R. Co., 36 A D 2d 612, mot. for lv. to app. den. 29 N Y 2d 481; Lederman v. New York City Tr. Auth., 36 Misc 2d 571). The evidence fails to establish any breach of a duty owed the infant either as a licensee or as a trespasser.
Accordingly, the order of the Appellate Division should be reversed, without costs, the judgment vacated, and the complaint dismissed. Plaintiffs ’ cross appeal should be dismissed, without costs, on the ground that no appeal lies as of right.
*336 Chief Judge Breitel and Judges Jasen, Jones and Rabin concur with Judge Stevens; Judges Gabrielli and Wachtleb dissent in part and vote to affirm, on defendants’ appeal on the opinion by Mr. Justice Richard J. Cardamone at the Appellate Division.
On defendants ’ appeal: Order reversed, etc.
On plaintiffs’ appeal: Appeal dismissed, without costs.

 Whose account of the accident at the time of the trial differed from that given in a sworn statement shortly after the occurrence.