TIMOTHY VAUGHAN, Respondent, *v.* TRANSIT DEVELOPMENT COMPANY, Appellant.

**Negligence — plaintiff, a bare licensee, in defendant's building by sufferance, injured by fall into opening in floor left by plumbers while making repairs — cannot recover on ground that defendant was negligent — no duty of active vigilance.**

Plaintiff and other employees of another company had used a toilet room in a building of defendant for years without objection on the part of defendant. On the occasion in question plumbers, who were at work in and about the room which was lighted by a window, necessarily exposed an opening in the floor into which defendant fell while going to the toilet and sustained injuries for which he seeks to recover against defendant. The plaintiff cannot recover since he was a bare licensee on the premises by sufferance and it was his duty to look out for himself, to observe the changed conditions, the men at work, and the opening in the floor and was entitled to no greater notice than the doing of the work itself gave of what was being done. Defendant was not bound to exercise more active vigilance to protect him from injury.

*Vaughan* v. *Transit Development Co.*, 166 App. Div. 899, reversed.

(Argued November 21, 1917; decided December 4, 1917.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department,

entered December 28, 1914, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*D. A. Marsh* and *George D. Yeomans* for appellant. Plaintiff was a mere licensee with no legal right on defendant's premises. The only duty defendant owed him was to refrain from committing any intentional, willful or negligent affirmative act calculated to injure him. (*Fox* v. *Warner-Quinlan Asphalt Co.*, 204 N. Y. 240; *Nicholson* v. *Erie R. R. Co.*, 41 N. Y. 525; *Victory* v. *Baker*, 67 N. Y. 366; *Larmore* v. *Crown Point Iron Co.*, 101 N. Y. 391; *Splittorf* v. *State of New York*, 108 N. Y. 205; *Cusick* v. *Adams*, 115 N. Y. 55; *Sterger* v. *Van Siclen*, 132 N. Y. 499; *Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301; *Keller* v. *Erie R. R. Co.*, 183 N. Y. 67; *Birch* v. *City of New York*, 190 N. Y. 397; *Racine* v. *Morris*, 201 N. Y. 240; *Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86; *Quinn* v. *Staten Island R. T. R. Co.*, 170 App. Div. 509.)

*Edwin D. Webb, Frederick N. Van Zandt, Joseph A. Burdeau* and *Reuben L. Haskell* for respondent. Plaintiff was lawfully upon defendant's premises, and the creation, by the acts of defendant's employees, of a trap or pitfall in a path or approach which on many previous occasions the plaintiff had used and found safe, was a negligent act for which the defendant is liable. (*Beck* v. *Carter*, 68 N. Y. 283; *Larmore* v. *Crown Point Iron Co.*, 101 N. Y. 391; *Bryne* v. *N. Y. C. & H. R. R. R. Co.*, 104 N. Y. 382; *Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 289; *Wittleder* v. *Citizen El. Ill. Co.*, 50 App. Div. 478; *Sullivan* v. *N. Y. Tel. Co.*, 157 App. Div. 642.)

POUND, J. The action is for personal injuries alleged to be due to defendant's negligence. It was tried before

a jury which rendered a verdict in favor of the plaintiff upon which judgment was entered. On appeal to the Appellate Division therefrom and from the order denying defendant's motion on the minutes for a new trial, the judgment was affirmed. The decision by the Appellate Division was not unanimous as one of the justices sitting did not vote. (*Warn* v. *N. Y. C. & H. R. R. R. Co.,* 163 N. Y. 525.) We must, therefore, on the defendant's exceptions to its motion for a nonsuit and the direction of a verdict, review the evidence to determine whether it supports or tends to sustain the verdict. (Const. art. VI, § 9.)

Defendant supplies electric power to operate trolley cars to the Brooklyn Heights Railroad Company. On November 20, 1912, at about nine o'clock in the forenoon, plaintiff, a motorman of the railroad company, fell into an opening in the floor of an inclosed toilet room, with water closet and wash stand, in one of defendant's power sub-stations, a brick building about fifty by one hundred feet square, and sustained personal injuries. The dimensions of the toilet room were about six feet by five and one quarter feet. Defendant's plumbers had been working in this toilet room for half an hour or more previous to the accident. To do their work it was necessary to turn off the water from the street. To turn off the water it was necessary to raise a floor plate or trap door to get at the stop cocks. This exposed an opening in the floor on one side of the room about one foot nine and one-half inches by one foot four and one-half inches and four feet deep, walled in on all sides. Plaintiff and other employees of the railroad company had used this toilet room for their convenience for years, without objection on the part of the defendant. They entered through a door into the front part where this trap door was and passed through another door in a partition which divided the room approximately into two equal parts into an

6

inner compartment. The room was lighted by a window and the plumbers say that they used no artificial light.

On this day, when the plumbers were at their work in the outer part of the room, their ladder leaning against the wall and the hole in the floor uncovered, immediately after the water had been turned on at the conclusion of the repairs, plaintiff, on his way to use the inner toilet, met with the accident complained of.

If plaintiff had had no permission to come on the premises he would have been a trespasser. If he had been there by invitation or on lawful business of interest to both parties he would have been an invitee. But he was there by permission, for his own convenience, and his status was that of a bare licensee. (*Heskell* v. *Auburn L., H. & P. Co.,* 209 N. Y. 86.) Long-continued acquiescence in such use does not become an invitation. The law does not so penalize good nature or indifference nor does permission ripen into right. (*Stevens* v. *Nichols,* 155 Mass. 472.)

The question is, what is the proper measure of defendant's duty or care to the plaintiff? The case was submitted to the jury on the theory that one who acquiesces in the use of his premises by others for their convenience is bound to take ordinary precautions not to permit unexpected dangers to exist in the commonly traveled way without giving warning thereof. (*Lowery* v. *Walker,* [1911] A. C. 10.) Defendant contends that its only duty toward plaintiff was to abstain from inflicting intentional, wanton or willful injuries. (*Weitzmann* v. *Barber Asphalt Co.,* 190 N. Y. 452.)

In *Fox* v. *Warner-Quinlan Asphalt Co.* (204 N. Y. 240, 245), in which it was held that the gradual extension of a quarry across a roadway was not actionable negligence toward a licensee, WILLARD BARTLETT, J., says: "As to mere licensees the extent of the obligation of owners or occupiers of land *not chargeable with affirm-*

*ative negligence* is to refrain from inflicting upon such licensees intentional or wanton injury and from setting dangerous devices thereon such as spring guns or like agencies for the purpose of harming trespassers." Here we have an affirmative *act* in the work of the plumbers and we must determine whether that act is affirmative *negligence.* The exact phraseology of general distinctions between the duty to trespassers, mere licensees and invitees, and between active and passive negligence has been productive of confusion (*Fox* v. *Warner-Quinlan Asphalt Co., supra*) and will not help us greatly. (*O'Brien* v. *Union Freight Railroad Co.,* 209 Mass. 449; 36 L. R. A. [N. S.] 492.) Alterations made suddenly and left without warning or proper precautions may amount to willful disregard for the safety of licensees. (*Corby* v. *Hill,* 4 C. B. [N. S.] 556.) The standard of reasonableness which must be established will vary with the circumstances of the case. The plaintiff must establish actionable negligence, and "to bring the case within the category of actionable negligence, some wrongful act must be shown, or a breach of some positive duty." (*Gautret* v. *Egerton,* L. R. 2 C. P. 371.) More specifically, as PECKHAM, J., said in *Walsh* v. *Fitchburg R. R. Co.* (145 N. Y. 301, 306), defendant owed plaintiff, " a duty to abstain from injuring him either intentionally, or by failing to exercise reasonable care, but it did not owe him the duty of active vigilance to see that he was not injured while upon its land merely by permission for his own convenience."

We think that defendant discharged its duty to plaintiff according to this test. Not only for its own purposes, but also as incidental to the convenience of those whom it permitted to use the toilet, it had to keep its plumbing in good order. All that it did was done openly and visibly in the ordinary course of affairs. Plaintiff was not deceived or trapped into the belief that he would be

warned if the floor was opened temporarily to turn the water on or off. At the time this accident occurred it was immediately necessary to have the cover off the box in the floor in order to get at the stop cocks which regulated the flow of water. It is immaterial to this case how long the cover had been off. The duty of defendant was not measured by the time it took the plumbers to do the work. To have the cover off while the plumbers were working there was a normal, usual and proper use of the premises and, therefore, defendant exercised reasonable care toward its licensees under the circumstances. Under other conditions — for example, in the dark and after the men had left the job — we might say that this hole would become a trap or pitfall to those long accustomed to enter the place, and that it would be actionable negligence to go away and leave it unguarded. (*Rooney* v. *Woolworth*, 78 Conn. 167, 170.) But at this time an express warning to plaintiff would have been the exercise of that active vigilance to see that he was not hurt which the law does not demand. Defendant rendered him a gratuitous service and owed him slight care. He was on the premises by sufferance. He had permission to be there merely because he had not been ordered off. Reciprocally, it was his duty actively to look out for himself, to observe the changed conditions, the ladder, the men at work, the opening in the floor. He was entitled to no greater notice than the doing of the work itself gave of what was being done. If he was incurious to the obvious, he was himself to blame.

The judgment appealed from should be reversed and the complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., CHASE, CUDDEBACK, HOGAN, McLAUGHLIN and ANDREWS, JJ., concur.

Judgment reversed, etc.