Joaquim Antonio, Respondent, *v.* Long Island Railroad Company, Inc., Appellant.

Argued March 9, 1943; decided April 15, 1943.

720

*Ralph E. Hemstreet* and *Louis J. Carruthers* for appellant.

*Adolph Feldblum, Samuel J. Sussman* and *Herman E. Hoberman* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, CONWAY and DESMOND, JJ. LEWIS, J., dissents in the following opinion.

LEWIS, J. (dissenting). The respondent has recovered damages for injuries sustained when he was struck by a train on the appellant's right-of-way at a point of danger removed from any thoroughfare. The record, as I view it, discloses no evidence from which the jury could find that at the time and place of his injuries the respondent was either a licensee or a business invitee of the appellant. On the contrary, the respondent was in a legal sense a stranger to the appellant. Being then and there engaged in his own pursuits, he was a trespasser at common law and by statute (Railroad Law, § 83; Penal Law, § 1990). In those circumstances the appellant owed no duty to the respondent except to refrain from inflicting intentional or wanton injury. (*Keller* v. *Erie R. R. Co.,* 183 N. Y. 67, 71, 72; *Gleason* v. *Central New England Ry. Co.,* 261 N. Y. 333, 335–337.) Accordingly, I dissent.