WILLIAM CARBONE, JR., an Infant, by WILLIAM CARBONE, SR., His Guardian ad Litem, et al., Respondents, *v.* MACKCHIL REALTY CORPORATION, et al., Appellants.

JOSEPH MUZIO, an Infant, by MICHAEL MUZIO, His Guardian ad Litem, et al., Respondents, *v.* MACKCHIL REALTY CORPORATION, et al., Appellants.

SILVESTA FESTA, JR., an Infant, by SILVESTA FESTA, SR., His Guardian ad Litem, et al., Respondents, *v.* MACKCHIL REALTY CORPORATION, et al., Appellants.

Argued October 10, 1946; decided January 16, 1947.

*Donald Gallagher* for appellants. I. The only duty owed by defendants was to refrain from willfully injuring plaintiffs. (*Ralff* v. *Long Island R. R. Co.*, 292 N. Y. 656; *Simmons* v. *Poughkeepsie Savings Bank*, 282 N. Y. 626; *Nilsen* v. *Long Island R. Co.*, 268 App. Div. 782; *Fabisiak* v. *Empire Steel Partition Co.*, 255 N. Y. 593; *Panunzio* v. *State*, 266 App. Div. 9; *Mendelowitz* v. *Neisner*, 258 N. Y. 181; *Zaia* v. *Lalex Realty Corp.*, 287 N. Y. 689; *Meyer* v. *Pleshkof*, 277 N. Y. 576; *Vega* v. *Lange*, 248 App. Div. 521.) II. A trespasser or licensee takes the premises as he finds them. (*Garthe* v. *Ruppert*, 264 N. Y. 290; *Rosado* v. *Perch Realty Corp.*, 239 App. Div. 373; *Breeze* v. *City of New York*, 275 N. Y. 528; *Bennett* v. *City of Mt. Vernon*, 243 App. Div. 119.) III. Defendants were not guilty of any affirmative negligence. (*Avery* v. *Morse*, 149 Misc. 318; *Parker* v. *Oswego Construction Co.*, 80 Misc. 295; *Paquet* v. *Barker*, 250 App. Div. 771.) IV. The judgment of the Appellate Division is not supported by the law. (*Walsh* v. *Fitchburg R. R. Co.*, 145 N. Y. 301; *Mendelowitz* v. *Neisner*, 258 N. Y. 181; *Ralff* v. *Long Island R. R. Co.*, 292 N. Y. 656; *Morse* v. *Buffalo Tank Corp.*, 280 N. Y. 110; *Keenan* v. *Lawyers Mortgage Co.*, 280 N. Y. 525; *Kendzior* v. *Lehigh Valley R. R. Co.*, 280 N. Y. 761.)

*Joseph A. Romano* and *Frank A. Tate* for respondents. I. Although the doctrine of attractive nuisances does not apply in this State, the jury is entitled to take into consideration the well-known propensities of children to climb about and play and be drawn to objects which could be regarded as attractive nuisances in the course of play. (*Boylhart* v. *DiMarco & Riemann, Inc.*, 270 N. Y. 217; *Bowers* v. *City Bankers Farmers Trust*, 282 N. Y. 442; *Collentine* v. *City of New York*, 279 N. Y. 119; *Parnell* v. *Holland Furnace Co.*, 234 App. Div. 567, 260 N. Y. 604; *Parkes* v. *New York Telephone Co.*, 120 Misc. 459.) II. Defendants created the dangerous condition by their affirmative act. III. Defendants had actual knowledge of the dangerous condition of the foundation. IV. The liability of defendants was clearly established. (*Walsh* v. *Fitchburg, R. R. Co.*, 145 N. Y. 301.) Under the circumstances, the jury was warranted in finding that the children were licensees. (*Vaughan* v. *Transit Development Co.*, 222 N. Y. 79; *McCann* v. *Thilemann*, 36 Misc. 145, 74 App. Div. 630; *Nicholson* v. *Erie Ry. Co.*, 41 N. Y. 525; *Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 104 N. Y. 362.) V. Defendants were heedless of warnings of the dangerous condition of the foundation. (*Polykranas* v. *Krausz*, 73 App. Div. 583; *Phaler* v. *Rae*, 168 N. Y. S. 583; *Nilsen* v. *Long Island R. R. Co.*, 268 App. Div. 782.)

Lewis, J. The infant plaintiffs in these three actions suffered personal injuries while climbing upon or playing near the foundation walls of a demolished building which stood on premises owned by the defendant Mackchil Realty Corporation and leased by the defendant Kay Dunhill, Inc. For injuries suffered by each infant when one of the walls collapsed and for the cost of incidental care and loss of services resulting to his parent, the plaintiffs in each action were awarded judgments at Trial Term against both defendants. Those judgments have been affirmed at the Appellant Division, one justice dissenting.

Although counsel for the plaintiffs-respondents in their brief before us have conceded that the rule of *Walsh* v. *Fitchburg R. R. Co.* (145 N. Y. 301) has never been questioned in this court, they deny its application to the case now before us. We are told that the site of the foundation walls where the infant plaintiffs were injured was more of an allurement to children

than was the turntable involved in the *Walsh* case (*supra*) and that the evidence adduced from plaintiffs' witnesses of actual or constructive knowledge by the defendants that after one of the walls had become undermined there were occasions when children were seen at play at or near the undermined wall, was sufficient in law to establish actionable negligence by the defendants and sustains the judgments we now review. Having reached a contrary conclusion as to the probative value of plaintiffs' evidence to establish actionable negligence by the defendants, we cite from the record additional facts to make clear the problem here involved:

The accident occurred in the city of Mechanicville, on premises which have been in possession of the defendants since 1937. The land comprises a corner lot bounded by Hudson Street on the west and Hill Street on the south. From its frontage on Hudson Street the defendants' land extends easterly on a level grade for about 150 feet to a point where it drops off abruptly down a steep embankment to a creek which forms part of the easterly boundary. In 1929 the defendants' predecessor in title erected a factory building on the level westerly portion of the lot facing Hudson Street. At that time there were left standing at a point northeast of the factory and about 15 feet west of the top of the easterly embankment, four foundation walls which had once supported a barn long since demolished. The foundation walls, which surrounded a 21'x25' area, were not near the two public streets which bound the defendants' land but were in the rear portion of the lot — 170 feet back from Hudson Street and 150 feet from Hill Street. The footings of the four foundation walls were of concrete — in some places 2 feet thick — surmounted by courses of brick so set as to produce a wall-thickness of 16 inches. In the process of constructing the factory building in 1929 a tile drainpipe — installed to carry rain water from a portion of the factory roof — was laid underground extending eastward from the factory and under the foundation walls to the embankment along the easterly boundary. At the point where the discharge end of the drainpipe emerged from the embankment it was left protruding from the slope about one foot thus permitting any water to drain down the bank to the creek below. Although at that time in 1929 the embankment was of solid earth at the point where the drainpipe protruded,

the discharge of water during the years eroded the soil back from the embankment to an extent sufficient to form a gulley which in 1942 had reached and undermined one of the foundation walls. Meantime the drainpipe had broken at a point inside the walls where on occasions rain water was discharged inside the foundation.

On October 16, 1942, the three infant plaintiffs — two of whom were fourteen and one of them thirteen years of age — entered defendants' land in search of a place to play and found their way back to the site where the foundation walls were standing. When two of the boys had climbed upon one of the walls and the third boy was about to mount it the wall collapsed causing injury to each boy for which recovery has been had in these actions. Although two of the three infant plaintiffs had never before been on the defendants' premises there was evidence that children had been seen playing at or near the site of the foundation walls. Opposed to that evidence the defendants called two employees who testified that they had repeatedly " chased " children away from that part of defendants' premises which lies east of the factory building and near the site of the foundation walls. The plaintiffs also introduced evidence that defendants had knowledge prior to the accident that one of the foundation walls was undermined.

When the three infant plaintiffs came upon defendants' property they were uninvited. Motivated as they were by their own curiosity, or by a desire for amusement in no way connected with business or other relations with the defendants, it cannot be said that the defendants' failure in this instance to prohibit their intrusion was in any sense an invitation. Giving to the infant plaintiffs every favorable inference which may be had from the evidence they were at most bare licensees.

The duty impressed by law upon the defendants in those circumstances has been repeatedly the subject of decision by this court: " Where a person goes upon the premises of another without invitation, but simply as a bare licensee, and the owner of the property, passively, acquiesces in his coming, if an injury is sustained by reason of a mere defect in the premises, the owner is not liable for negligence; for such person has taken all the risk upon himself. * * * Toward mere trespassers or bare licensees the rule is well settled that the only duty owing

to them by the owner or occupier of land is to abstain from inflicting intentional, wanton or wilful injuries unless he maintains some hidden engine of destruction, such as spring guns or kindred devices, upon his property." (*Mendelowitz* v. *Neisner*, 258 N. Y. 181, 184; see, also, *Vaughan* v. *Transit Development Co.*, 222 N. Y. 79, 82; *Heskell* v. *Auburn L., H. & P. Co.*, 209 N. Y. 86, 92–93; *Fox* v. *Warner-Quinlan Asphalt Co.*, 204 N. Y. 240, 243; *Weitzmann* v. *Barber Asphalt Co.*, 190 N. Y. 452, 456–457; *Birch* v. *City of New York*, 190 N. Y. 397, 403–405; *Sterger* v. *Van Sicklen*, 132 N. Y. 499, 505–506; *Larmore* v. *Crown Point Iron Co.*, 101 N. Y. 391, 394–395.)

More recent decisions attest our adherence to that rule and its application to circumstances where, as in the present case, the injured licensees were infants. (*Breeze* v. *City of New York*, 275 N. Y. 528; *Meyer* v. *Pleshkopf*, 277 N. Y. 576; *Morse* v. *Buffalo Tank Corp.*, 280 N. Y. 110, 115–120; *Simmons* v. *Poughkeepsie Savings Bank*, 282 N. Y. 626; *Rosenfeld* v. *Matthews Co.*, 282 N. Y. 755; *Zaia* v. *Lalex Realty Corp.*, 287 N. Y. 689; and see *Flaherty* v. *Metro Stations, Inc.*, 202 App. Div. 583, affd. 235 N. Y. 605; *Olsen* v. *Fennia Realty Co.*, 246 N. Y. 641.)

Within the purview of that rule of law it should be noted that the personal injuries for which the infant plaintiffs have recovered in the cases now before us were not caused by contact with any construction designedly arranged by the defendants to fend against or harm intruders; nor were those injuries due to any wanton act by the defendants. The record is devoid of proof that at the time of the accident the defendants, by any affirmative act, changed conditions existing at the site of the foundation or created new perils there. (*Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 N. Y. 289, 292–293.) The foundation walls were privately owned structures in which conceivably there was a degree of useful value to the defendants, the disposition of which was a matter of their own choice. When the infant plaintiffs found their way through defendants' premises to the foundation walls and chose to use that site for their own amusement they accepted the risk of any peril which their choice involved. When two of the boys bent upon adventure climbed to the top of a wall which had been undermined and weakened through the years, their weight caused its collapse. The record

contains no evidence, however, that the harm which befell them during that escapade was due to active participation by the defendants in the event. In the circumstances disclosed by the record the defendants were not required as a matter of legal duty so to maintain the foundation walls upon their own property — far removed from lanes of public travel — as to withstand the weight of boys bent upon adventure who came upon the premises uninvited and for purposes of their own unrelated to the defendants' business.

We are thus led to conclude that the exception recorded in behalf of the defendants to the denial of their motion, made at the close of the evidence, for a nonsuit and the dismissal of the complaint, was well taken.

The judgments should be reversed and the complaints dismissed, with costs in all courts.

DESMOND, J. (dissenting). I see no ground for reversal here. The jurors were instructed by the court that if they found that the infant plaintiffs were trespassers there could be no recovery. They were told further that, if plaintiffs were licensees, defendants would be liable only for " active negligence ". The verdict for plaintiffs thus imported findings by the jury that plaintiffs were not trespassers but licensees, and that defendants' negligence was " active ". Both these conclusions were licit, on the proof here.

As to plaintiffs' status as licensees there was, as Judge LEWIS points out, evidence that children were, to defendants' knowledge, in the habit of playing around the old foundation walls.

As to " active " negligence: that expression, difficult to define, ordinarily means something more than a failure to repair (*Mendelowitz* v. *Neisner*, 258 N. Y. 181) or a continuation of some open and apparent danger (*Garthe* v. *Ruppert*, 264 N. Y. 290). But when a landowner has actual or implied knowledge of the presence of an infant licensee on his business premises, the landowner must conduct that business with such care as not to injure the infant, and a contrary course may be considered active negligence. That is the substance of *Barry* v. *N. Y. C. & H. R. R. R. Co.* (92 N. Y. 289) which case has been followed in later decisions of this court (*Byrne* v. *N. Y. C. &*

*H. R. R. R. Co.,* 104 N. Y. 362; *Skrzypek* v. *Long Island R. R.,* 249 App. Div. 629, affd. 275 N. Y. 508; *Zambardi* v. *South Brooklyn Ry. Co.,* 281 N. Y. 516). It should be followed here.

LOUGHRAN, Ch. J., CONWAY, THACHER, DYE and FULD, JJ., concur with LEWIS, J.; DESMOND, J., dissents in opinion.

Judgments reversed, etc.