ROBERT RAND, an Infant, by JOSEPH RAND, His Guardian ad Litem, et al., Plaintiffs, *v.* LONG ISLAND RAIL ROAD COMPANY, Defendant.

Supreme Court, Trial Term, Kings County, February 20, 1950.

*Nathan Rothstein* and *Samuel Willig* for plaintiffs.

*Louis J. Carruthers* and *Thomas J. Brennan* for defendant.

MURPHY, J. The infant plaintiff in this action suffered severe personal injuries while playing with a companion on the property of the defendant railroad at about five o'clock in the afternoon of May 8, 1944. He testified that he was fifteen and one-half years old at the time of the accident and that he was then a high school student in the fifth form. He and his companion of about the same age gained access to the spot where the accident happened by the following route: they entered an open lot of the defendant railroad located at the corner of Pitkin Avenue and Junius Street in Brooklyn. They walked through this lot for about 200 feet, going down an embankment to the railroad tracks. They then turned right and east, walking under the Pitkin Avenue bridge and alongside of the railroad tracks for a distance of about a block. At that point the grades of the railroad track and the Pitkin Avenue freight yard of the railroad reach the same level. The boys then and there turned back toward Pitkin Avenue by walking along an abandoned track in the freight yard. When they reached a point approximately thirty feet from the Pitkin Avenue bridge, and where the freight yard is about eleven feet above the main railroad track, the infant plaintiff picked up a wire which he described as the kind used to bale cotton. He threw this wire to his rear. It hit a high tension wire located over the main tracks of the railroad, with the result that the plaintiff was severely burned by electricity and required long hospitalization and considerable surgical treatment. It was indeed a tragic occurrence.

At one point in his testimony the plaintiff stated that the high tension wire was ten feet from him when he threw the wire. At another point he stated that the high tension wire was five feet above his head where the accident happened. His companion

testified that the high tension wire was about seven feet from the plaintiff at the time the latter threw the baling wire.

The plaintiff claims that his injuries were caused by the negligence of the railroad in not having proper fencing on the open lot through which he and his companion reached the railroad tracks, in not having adequate warning signs erected, and in permitting these and other youngsters to use the railroad property frequently. The testimony adduced at the trial indicated that there was no fence on the open lot at the time of the accident, that there were no warning signs, such as the plaintiff claims should have been maintained, and that children frequently played on the railroad's property. It should also be noted that the defendant railroad conceded during the trial that a high tension wire is inherently dangerous.

At the close of the plaintiff's case the defendant railroad made a motion to dismiss the complaint on the grounds that the plaintiff had not proved the defendant guilty of any negligence, that the defendant had breached no duty which it owed to the plaintiff, that the plaintiff himself had been guilty of contributory negligence, that he had been a trespasser on the railroad's property at the time of the accident and that the railroad had not been willfully or wantonly negligent, that the happening of the accident was not within the range of reasonable anticipation on the part of the railroad, and that there had been no invitation to the plaintiff, either directly or impliedly, by the railroad to use its property.

The defendant put in no defense, rested after making the aforesaid motion, and then renewed the same motion on the same grounds. Decision was reserved by the court on these motions. After summation by both parties and the court's charge, the case was submitted to the jury. The jury returned a verdict for the plaintiff in the sum of $22,500. The defendant then moved to set aside the verdict as being against the weight of evidence and on other grounds set forth in the record. Decision on this motion was also reserved.

In the light of the prevailing law in this State, I was in error in submitting this case to the jury. I therefore grant the motion to dismiss the plaintiff's complaint made by the defendant at the close of the plaintiff's case. In view of this determination it is unnecessary to pass upon the subsequent motions made by the defendant.

Even if the plaintiff were not a trespasser, he was at most a bare licensee. He certainly was not an invitee. The law with

reference to the duty owed to bare licensees is set forth in *Carbone* v. *Mackchil Realty Corp.* (296 N. Y. 154). In that case three infant plaintiffs—two of whom were fourteen and one of them thirteen—entered defendant's land in search of a place to play, found their way to a spot occupied by foundation walls of an abandoned barn, and began playing. One of the walls collapsed and the infants were injured. The plaintiffs introduced evidence that the defendant had knowledge prior to the accident that one of the foundation walls was undermined. That case was decided by the Court of Appeals as late as 1947, and holds as follows (pp. 158–159):

" When the three infant plaintiffs came upon defendants' property they were uninvited. Motivated as they were by their own curiosity, or by a desire for amusement in no way connected with business or other relations with the defendants, it cannot be said that the defendants' failure in this instance to prohibit their intrusion was in any sense an invitation. Giving to the infant plaintiffs every favorable inference which may be had from the evidence they were at most bare licensees.

" The duty impressed by law upon the defendants in those circumstances has been repeatedly the subject of decision by this court: ' Where a person goes upon the premises of another without invitation, but simply as a bare licensee, and the owner of the property, passively, acquiesces in his coming, if an injury is sustained by reason of a mere defect in the premises, the owner is not liable for negligence; for such person has taken all the risk upon himself. \* \* \* Toward mere trespassers or bare licensees the rule is well settled that the only duty owing to them by the owner or occupier of land is to abstain from inflicting intentional, wanton or wilful injuries unless he maintains some hidden engine of destruction, such as spring guns or kindred devices, upon his property.' [Citing cases.]

" More recent decisions attest our adherence to that rule and its application to circumstances where, as in the present case, the injured licensees were infants."

The record in the case now before this court is likewise devoid of proof that at the time of the accident the defendant railroad was wantonly or willfully negligent. It set no traps or snares; it did nothing to intentionally injure the plaintiff; it maintained no hidden engine of destruction.

In the case of *Nilsen* v. *Long Island R. R. Co.* (268 App. Div. 782, affd. 295 N. Y. 721) the facts were as follows: " The infant plaintiff, six years of age, was engaged with other boys in play-

ing with a ball on a lot owned by defendant, adjacent to and south of its right of way, inclusive of tracks on a main line and spurs leading to an engine yard. The boy, in order to retrieve a batted ball, went down an incline and across two or more tracks of defendant to the top of a concrete abutment or wall underneath a bridge carrying a highway over the right of way, and stepped therefrom to the roof of a freight car. In order to balance himself, he grasped a live catenary wire which was two or more feet above the top of the car and seventeen and a half feet above the rails, the height of the wire being governed by the height of the bridge at this point, and was badly burned and injured.''

The determination of the Appellate Division later affirmed by the Court of Appeals read as follows (p. 783) : '' In the light of all the circumstances, inclusive of the fact that the boy was a trespasser, the happening of the accident was not within the range of reasonable anticipation on the part of the defendant.''

It should be noted that in the *Nilsen* case (*supra*) the infant was six years of age. In the *Carbone* case (*supra*) two of the infants were fourteen and the third thirteen years of age. In the instant case the plaintiff was fifteen and a half years of age and was in the fifth form in high school. He testified that he knew about electricity. He was *sui juris* at the time of the accident. It was his overt act in picking up the baling wire and throwing it that was the proximate cause of his injuries, unfortunate as that conclusion is to him, a fine young man who testified forthrightly and honestly. It seems clear that '' the happening of the accident was not within the range of reasonable anticipation on the part of the defendant ''.

In the light of the foregoing authority this court is constrained to take the action hereinabove indicated, although it is not without pain in doing so after listening to and looking at the excellent young man who is the plaintiff herein and was the victim of this unfortunate incident. Enter judgment accordingly.