EDWIN COONEY, Doing Business as COONEY CO., Respondent, v. LIBERTY MUTUAL INSURANCE CO., Appellant.— Order affirmed, with $10 costs and disbursements. Memorandum: The provisions of this policy, when read together, indicate that the defendant-appellant has assumed the obligation to defend plaintiff-respondent against accidents within the scope of division 1 of the definition of hazards, arising out of its operations at the Community Grill. However, in view of the fact that this particular accident occurred after plaintiff's operations had been completed or abandoned, it is equally clear that the policy does not provide coverage for loss arising therefrom, unless the accident arose out of "(a) pick-up and delivery, (b) the existence of tools, uninstalled equipment and abandoned or unused materials". Since the essential question was whether the ammonia or the unpurged ammonia tank, the existence of which gave rise to the accident, are to be considered as abandoned or unused materials within the meaning and scope of the policy, we think the determination of that question should await the full development on the trial of the facts and circumstances in connection therewith. All concur, except Taylor, P. J., who dissents and votes for reversal and for granting the motion on the ground that the risk was not covered under the policy. (Appeal from an order denying defendant's motion for summary judgment dismissing the complaint in an action under a liability policy.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ. [See 282 App. Div. 829.]

■

GEORGE C. LE ROUX, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 31007.) — Judgment reversed on the law and facts, without costs of this appeal to either party, and claim dismissed. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made. Memorandum: The claim of R. Bernadine Le Roux is for damages for personal injuries, the other is a companion claim by her husband for incidental expenses. The injuries complained of were sustained by claimant R. Bernadine Le Roux when she fell into an uncovered abandoned well, hidden by undergrowth, while she was picking raspberries on a State reforestation area and public hunting ground. Claimants were licensees upon the property and the State's duty toward them was to abstain from inflicting intentional or willful injury and from creating snares or traps (*Carbone* v. *Mackchil Realty Corp.,* 296 N. Y. 154). The well, appurtenant to a farmhouse formerly existing nearby, had been dug on this property prior to the State's acquisition thereof. The State had no actual or constructive knowledge of the existence of the well, and was under no duty to these claimants to inspect its lands to discover such dangers (*Larmore* v. *Crown Point Iron Co.,* 101 N. Y. 391; *Birch* v. *City of New York,* 190 N. Y. 397; Restatement, Torts, § 342, comment c). All concur. (Appeal from a judgment for claimant on a claim for damages for loss of services of, and medical attendance for, claimant's wife, alleged to have resulted when she fell into an abandoned well on a reforestation area maintained by the State as a public hunting ground in the county of Cayuga.) Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.

■

R. BERNADINE LE ROUX, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 31008.) — Same decision and like cause of action as in companion case of *Le Roux* v. *State of New York* (*ante,* p. 1065, decided herewith). Present — Taylor, P. J., McCurn, Vaughan, Piper and Wheeler, JJ.