In the Matter of the Accounting of PAULINE JONES, as Executrix of ARCHIE M. SHURTLEFF, Deceased.— Motion to dismiss appeal granted, by default. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ.

■

MICHAEL A. LARCIPRETE, Appellant, v. WESTINGHOUSE ELECTRICAL SUPPLY COMPANY, Respondent. WESTINGHOUSE ELECTRICAL SUPPLY COMPANY, Respondent, v. M. A. LARCIPRETE, Appellant.— Motion to dismiss appeals granted, by default. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ.

■

ALYCE REARDON et al., Appellants, v. J. LEWI DONHAUSER, Respondent, et al., Defendant.— Motion to dismiss appeal granted, by default. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ.

■

In the Matter of RUTH G. SCHREIBER, Petitioner, against J. RAYMOND McGOVERN, as Comptroller of the State of New York, Respondent.— Motion to dismiss proceeding granted, by default. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ.

■

CHARLOTTE WEISS, Appellant, v. STATE OF NEW YORK, Respondent.— Motion to dismiss appeal granted, by default. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ.

■

MICHAEL WEISS, Appellant, v. STATE OF NEW YORK, Respondent.— Motion to dismiss appeal granted, by default. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ.

■

BERT J. LOOMIS, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31397.) — This is an appeal from a judgment of the Court of Claims, dismissing, after trial, a claim for damages for personal injuries, received while claimant was picking raspberries on a State reforestration area and public hunting ground in the town of German, Chenango County. The injuries were sustained when claimant fell into an abandoned well hidden by thick underbrush and near the foundation of a burned farmhouse and a granary and barn formerly standing on the property. The court below found that claimant was a licensee and relying on Le Roux v. State of New York (281 App. Div. 1065), held that the State was without actual or constructive notice of the existence of the well and was under no duty to inspect its lands to discover such dangers. Since the decision and judgment, the Court of Appeals has reversed the Le Roux case (307 N. Y. 397). Assuming claimant to have been an invitee, as we must under the ruling in the Le Roux case, we regard the issues of negligence as well as of causal relationship fully open for the Court of Claims to decide on the facts. We assume that the court below did not reach those issues in their entirety when it followed the Appellate Division in the Le Roux case. Judgment reversed, on the law and the facts, and a new trial ordered in the Court of Claims, with costs to abide the event. Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ., concur.