PATRICK E. STANTON, an Infant, by BEATRICE STANTON, His Guardian ad Litem, et al., Respondents, *v.* TAMI AMI REALTY COMPANY, INC., et al., Appellants.

Argued October 13, 1955; decided January 12, 1956.

954

*Frank J. Horan* and *Thomas H. Bivin* for appellants.

*Hyman R. Friedman, George W. Loomer* and *Samuel Justin Jackman* for respondents.

*Per Curiam.* On the record before us, there is no doubt that plaintiff was a trespasser as matter of law, rather than a licensee, insofar as the operation of the elevator was concerned. (See *Carbone* v. *Mackchil Realty Corp.,* 296 N. Y. 154; *Sanders* v. *Favorable Realty Corp.,* 290 N. Y. 591; *Zaia* v. *Lalex Realty Corp.,* 287 N. Y. 689; *Mendelowitz* v. *Neisner,* 258 N. Y. 181.) And it is equally plain that the record is devoid of any proof sufficient to warrant a finding that defendant breached a duty owed a trespasser. (See, e.g., *Carbone* v. *Mackchil Realty Corp., supra,* 296 N. Y. 154, 158–159; *Vaughan* v. *Transit Development Co.,* 222 N. Y. 79; *Barry* v. *New York Central & H. R. R. R. Co.,* 92 N. Y. 289, 293.) If that were all there was to this case, then, the judgment would have to be reversed and the complaint dismissed. However, there is more.

Plaintiff endeavored, as we read the record, to introduce testimony to demonstrate that there was a practice of permitting third persons to operate and use the elevator by themselves, in the absence of any employee of defendant. Exclusion of that testimony constituted error, requiring a new trial, for, if evidence had been adduced tending to show that there had been extensive and notorious operation of the elevator by tenants and others visiting the premises and that defendant owner had acquiesced in and permitted such user without demur, a basis would have existed for a finding by the jury that plaintiff was a licensee rather than a trespasser. (Cf. *Mayer* v. *Temple Properties,* 307 N. Y. 559, 561 *et seq.; Antonio* v. *Long Is. R. R. Co.,* 290 N. Y. 718; *Byrne* v. *New York Central & H. R. R. R. Co.,* 104 N. Y. 362, 366.)

The judgment of the Appellate Division should be reversed and a new trial granted, with costs to abide the event.

Conway, Ch. J., Desmond, Fuld, Froessel, Van Voorhis and Burke, JJ., concur; Dye, J., taking no part.

Judgment reversed, etc.