Richard S. Heller, J.
On September 8,1955, John F. McNair, an infant eight years of age, was walking along a pathway within the right of way of the New England section of the New York State Thruway when the path gave way and he fell some 38 feet to the grade level of the roadway.
The path, in constant use by the public, was at the top of a sheer rock embankment which had been blasted by a contractor for the purpose of obtaining a proper grade. The blasting had so weakened the embankment that the accident which occurred was inevitable if the path was ever used.
Although the blasting along the pathway had been completed about one month the Authority had not barricaded the path or erected any sign of warning even though a similar accident had happened shortly before the present case.
While the actual blasting was done by a contractor pursuant to contract, the creation of an inherently dangerous condition of which the State Thruway Authority had notice places the responsibility for failure to guard against injury upon the Authority. (Schwartz v. Merola Bros. Constr. Corp., 290 N. Y. 145; Delaney v. Philhern Realty Holding Corp., 280 N. Y. 461; May v. 11½ East 49th St. Co., 296 N. Y. 599.)
Children other than the infant claimant used this path at will and they all were spectators at the building of the road. The creation of a deceptive trap does not excuse the negligence of the Thruway Authority even though the infant was a trespasser. (Mayer v. Temple Props., 307 N. Y. 559; Levine v. City of New York, 309 N. Y. 88.) The facts in the instant case would indicate that the infant was a licensee. (Stanton v. Tami Ami Realty Co., 309 N. Y. 953.)
The court has adopted the claimants’ findings and conclusions in this case and has made an award to the claimant, David T. McNair, individually, in the amount of $4,558.70 and to David T. McNair, as guardian ad litem of John F. McNair, in the amount of $30,000. The findings submitted by the State have also been marked by the court.