Van Voorhis, J. (dissenting).
Plaintiff is limited by his bill of particulars, and the opening of counsel shows that nothing more is asserted. The trial court held that all of the facts which were alleged or claimed to exist did not constitute a cause of action. This ruling, unanimously affirmed by the Appellate Division, was clearly correct. The roof of this apartment building was not set aside for the common use of tenants nor as an adjunct to the demised premises. On the contrary, plaintiff’s-counsel stated in his opening that children were warned not to go up there. The fact that defendant may have known that children played on the roof in spite of what it could do to prevent them does not alter the infant plaintiff’s status as a licensee. He was on the roof for his own purposes only (Simmons v. Poughkeepsie Sav. Bank, 255 App. Div. 887, affd. 282 N. Y. 626; Walker v. Bachman, 268 N. Y. 294, 296-297; Vaughan v. Transit Development Co., 222 N. Y. 79, 82; Lo Casto v. Long Is. R. R. Co., 6 N Y 2d 470, 474; Carbone v. Mackchil Realty Co., 296 N. Y. 154, 158; Molnar v. Slattery Contr, Co., 8 A D 2d 95, 98).
*685 The cases cited in the majority memorandum do not hold that a question of fact is presented concerning whether the infant plaintiff was an invitee on the roof, and are readily distinguishable. This was not in a public park as in Collentine v. City of New York (279 N. Y. 119) on a structure which, although not part of the park facilities, was immediately adjacent to such facilities with no line of demarcation between it and the playground proper. Here no janitor in defendant’s employ, dressed as a cowboy, invited the children on the roof three or four times a week to see him do whip and lariat tricks and hear him play the guitar, as happened in Bowers v. City Bank Farmers Trust Co. (282 N. Y. 442). The United States Court of Appeals, Second Circuit, four years ago interpreted the New York law in Avlon v. Greencha Holding Corp. (239 F. 2d 616) in accordance with the ruling of the courts below herein. In dismissing a complaint for personal injuries resulting from the collapse of an iron grating or platform affixed to the outside of a building, where the plaintiff was a cook employed by a tenant, it was held that he lacked the status of an invitee rather than a bare licensee notwithstanding evidence that he and other employees as well as patrons of the cafeteria occasionally used this dSntside platform and stairway to the observation of the president of the defendant owner. The following quotation is pertinent from the opinion by Judge Swan concurred in by Judge Learned Hand (p. 618): “It seems to us that Judge Pound’s gloss upon the distinction between ‘ invitee ’ and ‘ licensee ’ in Vaughan v. Transit Development Co., 222 N. Y. 79, 82, 118 N. E. 219, still stands: ‘ Long-continued acquiescence in such use does not become an invitation. The law does not penalize good nature or indifference nor does permission ripen into right. ’ See discussion in Carbone v. Mackchil Realty Corp., 296 N. Y. 154, 158, 159, 71 N. E. 2d 447. The supposed departures from the rule as to the effect of acquiescence disappear upon analysis of the facts.” The opinion in Avion distinguished Bowers v. City Bank Farmers Trust Co. (supra) by pointing out that the janitor frequently entertained the children on the roof by performing as a cowboy at a location which the tenants used habitually as a place to dry clothes. As recently as Carbone v. Mackchil Realty Corp. (296 N. Y. 154, 156, supra), the leading case of Walsh v. Fitchburg R. R. Co. (145 N. Y. 301) was said never to have been questioned in the Court of Appeals (Lefler v. Pennsylvania R. R., 203 Misc. 887).
*686 Appellant charges respondent with negligence in allowing a door to be open leading to the roof. The conviction of the owner of a multiple dwelling of misdemeanor-manslaughter was •affirmed in People v. Nelson (309 N. Y. 231) for the reason that the escape hatch to the roof was fastened, resulting in death from fire. It is conceded here that the opening through which the plaintiff reached the roof could not have been locked without violating the law (Multiple Dwelling Law, § 233, subds. 2, 6; §§ 104, 147). The only way of keeping children from the roof would have been to have locked or bolted this door so that they could not have opened it. It is said that children might not have discovered how to open this fire exit if the door had been fastened on the inside with movable bolts or hooks (not locked). This is pure speculation. Any child who was not half-witted would have been likely to discover how to unlatch and open a door that was not locked. It cannot be assumed that children or other occupants of the building would know how to open this door to escape to the roof in case of fire, but would be unable to understand how to pass through the same exit if they wanted to play. The only way by which this condition could have been prevented would have been for defendant to have kept a guard on duty day and night to have prevented these children from going upon the roof. That is more than reasonable, care required.
The judgment appealed from should be affirmed.
Judgment reversed, etc.