THOMAS FLYNN, an Infant, by His Guardian ad Litem, MARY FLYNN, et al., Respondents, v. CITY OF NEW YORK et al., Appellants, et al., Defendants.

First Department, June 8, 1961.

*Seymour B. Quel* of counsel (*Fred Iscol* with him on the brief; *Charles H. Tenney, Corporation Counsel*), for City of New York, appellant.

*Benjamin H. Siff* (*Allen M. Taylor,* attorney), for Emanuel Gutman, appellant.

*Irving A. Thau* for respondents.

STEVENS, J. This is an appeal from a judgment entered upon a verdict in favor of plaintiff against the City of New York and an individual defendant.

On March 17, 1954, the infant plaintiff, then 13 years of age, in the 7th grade, was playing with other boys in an abandoned car in a vacant lot owned by defendant Gutman. The tank of the car contained gasoline. This tank was broken open by the boys and the plaintiff, while carrying some of the gasoline in a tin can spilled it on his trousers. Thereafter plaintiff was playing in the car, then jumped backwards therefrom and stepped into a fire which apparently had been started by his playmates. His trouser leg caught fire and plaintiff sustained severe injuries to his leg. Plaintiff testified the car had been in the lot several months and children frequently played in the lot.

On February 11, 1954, there had been a fire in the abandoned auto which was extinguished by members of the Fire Department of the City of New York.

Plaintiff contends there is liability on the city because it extinguished the fire five weeks before the accident and did not extract the gasoline from the tank. Plaintiff claims the individual defendant is liable because he allowed an abandoned car with gasoline in the tank to remain on his property. He contends this created a dangerous condition which was a trap for young children.

The individual defendant testified he had no knowledge of the presence of the abandoned car, and that he breached no duty to the infant plaintiff.

The city asserts it had no notice of, and was not responsible for, any dangerous condition.

The infant acknowledged that after the fire he had told his father that some of his friends splashed gas on and threw matches at him. However, he testified that was not the truth.

In our view the verdict against the city cannot stand. The city neither owned, nor controlled the premises, which were private property, and it owed no duty to an infant trespassing thereon. (*La Camera* v. *City of New York,* 279 App. Div. 1018; *Carbone* v. *Mackchil Realty Corp.,* 296 N. Y. 154.) Nor can it be said that this accident was or should have been reasonably

foreseeable by the defendant city (*Palsgraf* v. *Long Is. R. R. Co.*, 248 N. Y. 339).

We turn now to the question of the liability of the individual defendant owner. This situation was not created by any affirmative act of the owner. The car had been placed in the lot by a trespasser or at least without the consent of the owner, for he testified he did not know of its presence. It was not the presence of the car which caused the accident, but the independent action of the boy in stepping backwards, some two feet distant, into the fire. The fact that the clothing was still moist with gasoline did not cause the injury but perhaps made it more severe. The gasoline in the car was not, therefore, the competent producing or proximate cause of the accident. Nor do we think that this accident was reasonably foreseeable by the owner of the lot, since the car, under the circumstances shown here, was not a dangerous instrumentality or a trap causing the accident because of a lack of adequate safeguards. (Cf. *Carbone* v. *Mackchil Realty Corp.*, *supra*.)

The judgment appealed from should be reversed, on the law and the facts, with costs to appellants, and the complaint dismissed.

RABIN, J. P., VALENTE, McNALLY and BERGAN, JJ., concur.

Judgment, so far as appealed from, unanimously reversed, on the law and on the facts, with costs to the appellants, and the complaint dismissed.