STUART MEVORAH, an Infant, by His Father and Natural Guardian, SOL MEVORAH, et al., Respondents, v. STEVE GARYN et al., Appellants.—

824

Christ, P. J., Munder and Martuscello, JJ., concur; Latham, J., dissents and votes to affirm the interlocutory judgment, with the following memorandum, in which Rabin J., concurs: Defendants had a playroom in their house set aside for the use of their children and their children's friends. There were two doors set into the wall of the playroom, behind one an innocent toy closet, behind the other a brand new universe, as it were, the exploration of which was as irresistible to a normal youngster as flight is to a bird. There was nothing between this child and that attic except, as indicated by the majority, a "plywood board * * * simply set into the opening against brackets * * * neither hinged nor nailed". Unless effective steps were taken to secure the entrance to the attic it was not alone foreseeable — it was almost inevitable — that the children would sooner or later find their way inside. And inside that attic there lurked a situation "pregnant with the greatest danger to life or limb, and a deceptive trap to the unwary, as perilous as an explosive bomb, highly inflammable material, a spring gun, or kindred devices" (*Mayer* v. *Temple Props.*, 307 N. Y. 559, 565). The condition created and maintained in the attic by defendants was one of the classic types of traps — an opening in the floor concealed by a thin covering which gives way almost as soon as it is stepped upon (cf. *Mayer* v. *Temple Props., supra*; *Latham* v. *Johnson*, 1 K.B. 398, 415 [quoted in Bohlen, Studies in the Law of Torts, p. 198]). The plaintiffs do not contend, as the majority

suggest, that " the existence in the playroom of the door leading to the attic " was any part of the trap. The trap itself was in the attic and its location involves the separate and distinct legal elements of foreseeability and contributory negligence, both of which presented questions of fact which were properly determined adversely to defendants by the jury. The cases relied upon by the majority are inapposite since they involved defects or dangerous conditions *in plain view* (*Krause* v. *Alper,* 4 N Y 2d 518 [wooden doorstop on defendant's basketball court] ; *Fauci* v. *Milano,* 15 A D 2d 939 [knee-high wall in excavation in back yard]). The majority state that the only duty owed by defendants to the infant plaintiff was " to exercise reasonable care to disclose to him any dangerous defects known to them (defendants) and not likely to be discovered by him." I cannot agree. However accurately this may state the duty to bare licensees owed by owners or occupiers of land as to "mere defect in the premises " (see *Carbone* v. *Mackchil Realty Corp.,* 296 N. Y. 154, 158–159), it has no application to the instant case where, through affirmative action, defendants created a trap on their premises (*Mayer* v. *Temple Props., supra*; *Patterson* v. *Proctor Paint & Varnish Co.,* 21 N Y 2d 447). In my view, defendants owed this infant licensee the duty to either refrain from creating the trap or, if the creation of the trap was either necessary or desirable, to exercise reasonable care to "eliminate the danger or otherwise * * * protect the children " (2 Restatement, Torts 2d, § 339, subd. [e]). Had the infant been warned, as defendants' children themselves had been, a different fact pertaining to the issue of the child's contributory negligence in entering the attic would have been presented to the jury. However, since the record is clear that the infant plaintiff was not warned either to stay out of the attic or of the dangerous condition in it, even under the restricted view taken by the majority the liability was clear. By their affirmative act these defendants created a condition which was rife with unnecessary peril and which involved a clearly foreseeable and "unreasonable risk of death or serious bodily harm to [the] * * * children " (2 Restatement, Torts 2d, § 339, subd. [b] ; 2 Harper & James, Law of Torts, § 27.10; Bohlen, Studies in the Law of Torts, pp. 190–192). Under the circumstances, all the other elements of liability — i.e., lack of contributory negligence, causation, etc., — being present, defendants were properly cast in liability for the infant plaintiff's injuries.